IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS L. GIBSON, | ) |
| Plaintiff, | ) ) ) |
| vs | ) ) Civil Action No. 2:24-974 |
| T. BINNS, et al., | ) ) Magistrate Judge Patricia L. Dodge |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

Plaintiff, Curtis L. Gibson, an inmate incarcerated in the State Correctional Institution at Fayette, Pennsylvania ("SCI Fayette"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants T. Binns and S. Battaglini, two mailroom employees at SCI Fayette. Plaintiff raises a claim of denial of access to the courts relating to interference with his legal mail, which implicates the First and Fourteenth Amendments to the United States Constitution.

Currently pending before the Court is Defendants' motion to dismiss (ECF No. 25). For the reasons that follow, the motion will be granted.[1]

I. **Relevant Procedural History**

Plaintiff initiated this action by submitting a Complaint without the filing fee or a motion to proceed in forma pauperis ("IFP"). He subsequently filed a motion for leave to proceed IFP (ECF No. 4) which was granted (ECF No. 5), and the Complaint was docketed on August 13, 2024 (ECF No. 6). The Court has federal question subject matter jurisdiction over the civil rights claims asserted.

---

[1] The parties have consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 29, 32.)

On January 10, 2025, Defendants filed a motion to dismiss (ECF No. 25), which has been fully briefed (ECF Nos. 26, 30).[2]

## II. Factual Background

Plaintiff alleges that, on five occasions between March 14, 2023 and August 15, 2023, Binns and Battaglini have interfered with his legal mail to and from the Clerk of Court of the United States Supreme Court and this Court. (Compl. § IV.) He further alleges that Battaglini falsely stated that all mail is sent out the next business day but Plaintiff's postage slips show that that his mail was held from April 2 to April 9, 2024. Finally, he alleges that his legal mail was missing the authorization form that he sent to this Court on April 10, 2019 and did not arrive at the Court until he complained and grieved the matter. (*Id.*)

Plaintiff requests $500.00 in damages for each occurrence of his mail being returned to him and punitive damages of $500.00 for each piece of mail returned. (Compl. § VI.)

## III. Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a

---

[2] Defendants first move under Rule 42 for this case to be consolidated with another case Plaintiff has filed at Civ. A. No. 23-1711. In that action, Plaintiff raises a similar access to the courts claim against Defendants T. Binns and S. Battaglini. Because consolidation is not an alternative to dismissal, and because the motion to dismiss will be granted as to this claim, there is no need to examine the issue of consolidation.

plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. [If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## IV. Discussion

Plaintiff's Complaint asserts a claim regarding his access to the courts. Although he does not explicitly cite the First Amendment, that is the basis for this claim. *See Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006). Defendants move to dismiss this claim.

As summarized by the Court of Appeals:

> Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. *See id.* at 354-55, 116 S. Ct. 2174. Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L.Ed.2d 413 (2002). To that end, prisoners must satisfy certain pleading requirements: The

> complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." *See id.* at 416-17, 122 S. Ct. 2179.

*Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (footnote omitted). Put another way, "[a]n access to courts claim is ancillary to the underlying claim, and, as such, [the inmate] must identify a nonfrivolous, arguable underlying claim." *Harper v. Dinella*, 589 F. App'x 67, 69 (3d Cir. 2015).

Plaintiff has not identified any underlying claim that he was unable to pursue as a result of Defendants' actions or any information related to communications from the Supreme Court. Rather, he indicates that he previously filed a case in the Middle District of Pennsylvania that was dismissed on April 29, 2020, that he appealed this denial to the Third Circuit and then to the United States Supreme Court. However, the Court notes that, on WESTLAW, there is a case styled as *Gibson v. Crouch*, 2020 WL 2063868, at *5 (M.D. Pa. Apr. 29, 2020), the dismissal of which was affirmed by the Third Circuit, 2022 WL 7352267 (3d Cir. Oct. 13, 2022). No further appeals are listed and there is no record of Plaintiff having a case in the Supreme Court.

Therefore, because Plaintiff does not identify any underlying claim that he was unable to pursue as a result of Defendants' conduct, he fails to state a claim for denial of access to courts under the First Amendment. *See Hailey v. Wetzel*, 2021 WL 6051446, at *10 (W.D. Pa. Dec. 20, 2021) (plaintiff presented no evidence that he was prevented from pursuing a nonfrivolous or arguable claim and his access to courts claim was dismissed). As a result, Defendants' motion to dismiss will be granted.[3]

---

[3] In his response (but not in the Complaint itself), Plaintiff also has headings of "perjury pursuant to 28 U.S.C. § 1746," falsifying documents and deliberate indifference. (ECF No. 30 at 2-3.) However, "perjury is not a civil cause of action; it is a criminal charge." *Tucker v. Simon*, 2022 WL 6737722, at *3 (D.N.J. Oct. 11, 2022). *See also Mustafanos v. Ford*, 2020 WL 7028701, at *3 (D. Nev. Nov. 30, 2020) (28 U.S.C. § 1746 provides rules for submitting declarations under

V.   **Amendment**

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Given the fatal deficiencies of Plaintiff's access to the courts claim and the fact that he has already presented this claim and been informed of its deficiencies in the case he filed at Civ. A. No. 23-1711, allowing him to amend would be futile. No amendment could change the fact that he has not identified a nonfrivolous claim that he was prevented from pursuing.[4] Therefore, the dismissal of the Complaint will be with prejudice.

For these reasons, the Motion to Dismiss (ECF No. 25) will be granted.

An appropriate order follows.

Dated: April 7, 2025                                    /s/Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        UNITED STATES MAGISTRATE JUDGE

---

penalty of perjury, not civil causes of action.) The same is true of falsifying documents. *See Hurd v. Barnette*, 2017 WL 892118, at *7 (E.D. Tex. Mar. 6, 2017) (contention that Monroe "falsified" paperwork does not state a civil rights claim.) And while deliberate indifference is an element of an Eighth Amendment claim, the Complaint does not plead such a claim nor do the allegations of the Complaint support such a claim.

[4] It should also be noted that in the action filed at 23-1711, Plaintiff was given an opportunity to amend his access to the courts claim. In doing so, the Court stated that ". . .Plaintiff has not identified what legal claim he was pursuing, the nature of the mail sent by the Supreme Court or the manner in which, if at all, the failure to receive mailings from the Supreme Court impeded his access to the courts…" While the factual allegations against Defendants Binns and Battaglini in that case are not identical to those alleged here, they do relate to legal mail from the Supreme Court and similarly fail to state a claim.