IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS L. GIBSON,<br><br>          Plaintiff,<br><br>  vs<br><br>T. BINNS, et al.,<br><br>          Defendants. | Civil Action No. 2:24-0974<br>Magistrate Judge Patricia L. Dodge |

**MEMORANDUM OPINION**

    Plaintiff, Curtis L. Gibson ("Gibson"), a prisoner who is incarcerated in the State Correctional Institution at Fayette, Pennsylvania ("SCI Fayette"), brought a pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants T. Binns and S. Battaglini, two mailroom employees at SCI Fayette. He raised a claim of denial of access to the courts relating to interference with his legal mail, which implicates the First and Fourteenth Amendments to the United States Constitution.

    On April 7, 2025, a Memorandum Opinion (ECF No. 33) and Order (ECF No. 34) were issued, granting Defendants' motion to dismiss (ECF No. 25).[1] In the Opinion, the Court held that amendment of the Complaint would be futile because Gibson could not overcome the deficiencies in his Complaint. The Court's Order also informed Gibson that dismissal was with prejudice and that he had thirty days from that date (or until May 7, 2025) to file a notice of appeal with the district court clerk.

    Pending before the Court is a motion filed by Gibson titled "Motion for Reconsideration of Decision and Request for 60 Day Extension Along with Appointment of Counsel" (ECF No.

---

[1] The parties consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 29, 32.)

35). For the reasons that follow, the motion will be denied.

I. **Procedural History**

Gibson initiated this action by submitting a Complaint without the filing fee or a motion to proceed in forma pauperis ("IFP"). He subsequently filed a motion for leave to proceed IFP (ECF No. 4) which was granted (ECF No. 5), and the Complaint was docketed on August 13, 2024 (ECF No. 6). The Court has federal question subject matter jurisdiction over the civil rights claims asserted.

On January 10, 2025, Defendants filed a motion to dismiss (ECF No. 25). Thereafter, on April 7, 2025, the Court filed a Memorandum Opinion concluding that Gibson had failed to state a claim for denial of his denial of access to courts claim. This was based upon Gibson's failure to identify any underlying claim that he was unable to pursue as a result of Defendants' actions or any information related to communications from the Supreme Court which he claimed not to receive.

Because the Court concluded that no amendment would cure these deficiencies, it issued an Order on April 7, 2025 that granted Defendants' motion and dismissed the case with prejudice. Gibson was also informed that he had thirty days within which to file a notice of appeal.

On May 5, 2025, Gibson filed a "Motion for Reconsideration of Decision and Request for 60 Day Extension Along with Appointment of Counsel" (ECF No. 35).

II. **Discussion**

A. **Motion for Reconsideration**

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e). The Court of Appeals for the Third Circuit has stated that:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café [ex rel. Lou-Ann, Inc. v. Quinteros]*, 176 F.3d [669,] 677 [(3d Cir. 1999)] (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted).

*Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

Gibson does not point to any intervening change in controlling law or new evidence in his motion. Although he contends that the Court committed error, he has not identified the nature of any such error. Similar to the deficiencies in his Complaint, he still has identified any underlying claim that he was unable to pursue as a result of Defendants' actions or any information related to communications from the Supreme Court. Therefore, his motion for reconsideration will be denied.

    B. <u>Motion for Extension of Time</u>

Gibson requests a 60-day extension of time but does not say for what purpose. Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, if a party files a motion to alter or amend the judgment under Rule 59(e), the time to file an appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). This would mean that Gibson has 30 days from the entry of the order denying this pending motion to file his notice of appeal.[2]

---

[2] It is possible that Gibson is seeking additional time in which to pursue his case in this Court, in the event that his motion for reconsideration was granted. As explained in the text, however, he has offered no basis for reconsideration.

Rule 4 of the Appellate Rules also allows a district court to grant a motion for extension of time to file an appeal, but only if the moving party shows "excusable neglect or good cause" and only for 30 days after the prescribed time. Fed. R. App. P. 4(a)(5)(A)(ii), (C). Gibson has not pleaded or shown excusable neglect or good cause and as noted, he now has a 30-day period in which to file his notice of appeal. As a result, the motion for extension of time will be denied. Gibson has thirty days from the entry of the order denying his motion for reconsideration in order to file a notice of appeal with the district court clerk.

C. Motion for Appointment of Counsel

Finally, Gibson moves for the appointment of counsel. But as this case is now closed, there is no reason to appoint counsel. Therefore, this aspect of the motion will also be denied.

III. Conclusion

For the reasons discussed above, Plaintiff's motion will be denied.

An appropriate order will follow.

Dated: May 23, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

cc: CURTIS L. GIBSON
BI-5077
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450

4